UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED
DEC 15 2008
Clerk, U.S. District and
Bankruptcy Courts

VICTORIA C. NWOGU
2024 Sandstone Court
Silver Spring, MD 20904

Plaintiff,

v.

ROCK CREEK MANOR
2131 "O" Street, NW
Washington, DC 20037

Defendant.

Case: 1:08-cv-02191
Assigned To : Walton, Reggie B.
Assign. Date : 12/15/2008
Description: Employ. Discrim.

## COMPLAINT

1. Plaintiff alleges that defendant, her former employer, violated the federal and DC Family and Medical Leave Acts ("FMLA"), 5 U.S.C. Sec. 2615 *et seq.* and DC Code 32-501 *et seq.* by terminating her employment after 2 and 1/2 years of good performance at a time when she was disabled by her treating physician because of serious back problems and stress. Plaintiff was disabled by her treating physician from 1/4/08 through 1/25/08. Defendant notified Plaintiff of her termination on 1/14/08 and told her that they were going to terminate her retroactively to December 31, 2007. Defendant's explanation for its termination of Plaintiff was false and pretextual to conceal its true motivation-- because of Plaintiff's taking time off from work because of her serious medical condition.

Plaintiff is also bringing a claim against Defendant for violating COBRA in terminating her insurance coverage retroactively and not notifying her of her right to continue her coverage under the group plan for 18 months.

1

Plaintiff also is bringing pendent state claims against Defendant for failing to pay her for hours that she worked prior to her termination and a contract action for failure to provide promised comp time for extra hours worked.

## JURISDICTION

2. Jurisdiction of this court is invoked, inter alia, pursuant to 29 U.S.C. § 2617(a)(2).

3. Venue in this district is appropriate because the violations alleged occurred in the District of Columbia, where the plaintiff works for the defendant.

## PARTIES

4. Plaintiff, Victoria C. Nwogu, is a United States citizen who currently resides in Silver Spring, Maryland.

5. Defendant, Rock Creek Manor, is a for-profit corporation offering long term care services to the public. Defendant employs more than 100 employees at is facility located at 2131 "O" Street, NW, Washington, DC. Defendant engages in interstate commerce and is subject to the requirements of the Family Medical Leave Act, 5 U.S.C. 2615.

## FACTS

6. Plaintiff is a 44-year old female who was born, raised and educated in Nigeria who immigrated to this country in 1997 and became a U.S. citizen in 2002.

7. Plaintiff is trained as a Certified Nursing Assistant (DC 1997) and has worked for several health care companies in the DC metropolitan area since receiving her certification. Plaintiff later satisfied the requirements for becoming a Registered Nurse (MD 2002) and has worked in that capacity since 2002.

8. Plaintiff was hired by Defendant, Rock Creek Manor, on August 6, 2005 as a Registered Nurse Evening Supervisor, part time, at the rate of $30 per hr. Plaintiff performed her duties well and successfully completed her probationary period.

9. Defendant offered Plaintiff full time employment on July 3, 2006 and promoted her to the position of Resident Assessment Coordinator at the rate of $36 per hr. Plaintiff was given a 3% performance bonus in August 2007.

10. Defendant offered compensatory time to exempt employees who worked more than 40 hours in any week. Employees were permitted to use comp time when they needed to be absent from work for any reason during their scheduled work week and did not want to use accumulated vacation or sick leave. Plaintiff accumulated over 300 comp time hours by August 2007. Plaintiff relied upon Defendant's promise that she could use time worked in excess of 40 hours per week as comp time in agreeing to work additional hours.

11. In August, 2007, Defendant's Administrator, Dr. Joseph Umoren, called the staff to a management meeting and announced that all comp time was "frozen" and that any staff who had comp time accumulated would lose the time and would have a zero balance as of that date. He further announced that comp time would be capped off in the future at 150 hours.

12. Plaintiff continued to work additional hours each week and accumulated more than 120 new comp time hours by January 2008. During the last several months of 2007, Defendant was preparing for the annual survey conducted by the DC Department of Health which placed significant additional responsibilities on staff. Plaintiff began noticing stress related symptoms and was also experiencing severe back pain.

13. Plaintiff was on approved leave on 1/2/08 and 1/3/08, and she was scheduled to return to work on 1/4/08. However, that morning Plaintiff called in sick and scheduled an appointment with her treating physician for later in the day because of severe back pain and stress. Her doctor disabled her from work for the next two weeks and released her to return to work on 1/25/08. Plaintiff faxed the disability certificate to Defendant later that day. Plaintiff's Assistant Administrator, Elizabeth Udofia, called Plaintiff at home shortly after receiving the faxed disability certificate and inquired about the status of work that needed to be completed during her absence because she would need to perform the work in Plaintiff's absence.

14. On 1/7/08, Ms. Udofia called Plaintiff at her home and asked her to come in to work even if only for an hour to show her how to access the "P" drive, so that she could complete February's schedule for patient assessments. Plaintiff responded that she was still disabled and could not safely drive. She offered to check to see if she had the November schedule on her computer at home and offered to prepare the February schedule if she could locate it on her home computer. However, Plaintiff did not have it on her home computer and then requested a coworker to provide a copy of the November schedule to Ms. Udofia, which the coworker confirmed was done.

15. On 1/14/08, Defendant's Human Resources Manager, Dennis Wirks, notified Plaintiff she was terminated as of December 31, 2008. Plaintiff asked why, and he responded because she had allegedly deleted the November schedule for assessments from the office computer and failed to provide a work progress report to her supervisor. Plaintiff attempted to explain that she provided the November report to her supervisor and gave her detailed progress information on what needed to be done. Plaintiff asked

about insurance coverage and Mr. Wirks assured her that she would continue to be covered through the end of January 2008. On 1/18/08, Plaintiff received a letter dated 1/10/08, postmarked on 1/15/08, notifying her she was terminated as of 12/31/07.

16. Defendant paid Plaintiff on 1/4/08 for work performed up through December 26, 2007. After her termination, plaintiff was not paid for all of her sick and vacation leave owing, accumulated compensatory time owing, and work that she performed.

17. Defendant's termination of Plaintiff caused her severe anxiety. She was concerned about her ability to get another job and later learned that her health insurance was terminated at the end of December so that she was not even covered for the treatment that she received starting on 1/4/08. Plaintiff was never sent a COBRA letter allowing her to continue her health coverage prior to her insurance being terminated. At a time when Plaintiff was already suffering from severe stress, Plaintiff suffered additional stress and anxiety over her being denied insurance coverage even for treatment she was already receiving before she was terminated.

## CLAIMS

### I. Defendant's Conduct violated the Federal FMLA

18. Plaintiff incorporates by reference paragraphs 1 through 17 above.

19. Under the Family Medical Leave Act, Plaintiff was entitled to use up to 12 weeks of time each year to cover disabling illness from work.

20. Defendant violated the Family and Medical Leave Act (FMLA), 29 U.S.C. Sec. 2615 by terminating Plaintiff for her missing work because of her covered medical condition.

21. Defendant's conduct was not in good faith, entitling Plaintiff to additional liquidated damages under the statute.

## II. Defendant's Conduct violated the DC FMLA

22. Plaintiff incorporates by reference paragraphs 1 through 21 above.

23. Under the DC Family Medical Leave Act, DC Code 32-501 et seq., plaintiff was entitled to use up to 16 weeks of time each year to cover disabling illness from work.

24. Defendant violated the DC FMLA, by terminating Plaintiff for her missing work because of her covered medical condition.

25. Defendant's conduct was not in good faith, entitling Plaintiff to additional liquidated damages under the statute.

## III. Defendant Violated ERISA

26. Paragraphs 1 through 25 are hereby incorporated by reference.

27. Section 502(c)( 1) (A) of ERISA provides for financial penalties for failure to provide notice to Plaintiff of her right to continue to health care coverage at group premium rates after a qualifying event such as termination.

28. Section 502 (A) (1) provides responsibility on the employer to notify the health plan administrator of a qualifying event --such as termination of employment-- and providing the plan administrator with the employee's last known address.

29. Defendant failed to provide the plan administrator with Plaintiff's correct address and Plaintiff was never notified of her right to elect continued coverage.

30. Defendant also terminated Plaintiff"s coverage even before the date of the qualifying event in violation of COBRA.

## IV. Defendant DC Law Relating to Proper Payment After Termination

31. Plaintiff incorporates by reference paragraphs 1 through 30 above.

32. Under DC Code § 32-1303: "Whenever an employer discharges an employee, the employer shall pay the employee's wages earned not later than the working day following such discharge..." Therefore, plaintiff was entitled to be paid within 24 hours of termination including sick leave pay that was due her up to the point of termination, unused vacation and compensatory time promised her. Defendant's conduct violated DC Code § 32-1303.

**IV. Defendant Violated Contract with Plaintiff to Provide Promised Pay.**

33. Plaintiff incorporates by reference paragraphs 1 through 32 above.

34. Defendant promised plaintiff compensatory time for all hours worked over 40 hours in a week as a term of employment. Plaintiff relied upon Defendant's promise that she could use time worked in excess of 40 hours per week as comp time in agreeing to work additional hours. Defendant violated its contract with plaintiff by not paying her for all of her sick and vacation leave owing, accumulated compensatory time owing, and work that she performed.

**V. REMEDY REQUESTED:**

Wherefore, plaintiff requests this Court grant her the following relief:

1. Direct defendant to reinstate plaintiff and make her whole for all losses in wages and benefits that she suffered because of defendant's illegal conduct;

2. Grant plaintiff additional liquidated damages for defendant's willful violations of the Family Medical Leave Act;

3. Direct the defendant to pay liquidated damages in accordance with § 32-1303 for unpaid wages;.

4. Grant the plaintiff pre and post judgment interest on all amounts awarded;

5. Grant the plaintiff compensatory damages for her pain and suffering;

6. Grant the plaintiff consequential damages for her losses; and

7. Direct defendant to take such other actions that are necessary to give plaintiff complete relief under the law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury with respect to all issues that she is entitled to a jury under law.

/s/ James L. Kestell
James L. Kestell   DC 955310
jlkestell@cox.net
Michael Deeds DC 466815
mikedeeds@juno.com
Kestell & Associates
209 Midvale Street
Falls Church, VA 22046-3510
Ph:  703 237-2912
Fax:  703 237-4321